**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) HEIDI POOL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. __CIV-16-1156-HE__ |
| ) | |
| (1) BRINKER OKLAHOMA, INC. d/b/a ) | |
| CHILI'S BAR & GRILL, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW the Plaintiff, Heidi Pool ("Plaintiff" or "Pool"), and brings this action against Defendant Brinker Oklahoma, Inc., d/b/a Chili's Bar & Grill ("Defendant" or "Chili's") seeking redress for unlawful employment discrimination, harassment, retaliation, and constructive discharge from employment because of her gender and retaliation in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. § 1988 ("Section 1988"), and alleges and states as follows:

## THE PARTIES

1. At all times mentioned herein, Plaintiff Heidi Pool was a resident of Cleveland County Oklahoma and employed with the Defendant Chili's Bar & Grill restaurant located in Norman, Cleveland County, Oklahoma.

2. Defendant is the former employer of the Plaintiff and a foreign corporation doing business in Oklahoma that owns and/or operates a Chili's Bar & Grill restaurant located in Norman, Cleveland County, Oklahoma.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e.

4. Venue is proper in the Western District of Oklahoma pursuant to 42 U.S.C. § 2000e5(f)(3) and 28 U.S.C. § 1391.

## CONDITIONS PRECEDENT

5. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about January 20, 2016. Plaintiff was issued a notice of right to sue letter from the EEOC on or about July 13, 2016 and this Complaint is being filed within ninety (90) days of Plaintiff's receipt of such notice.

6. Plaintiff has exhausted her administrative remedies under federal law.

## GENERAL ALLEGATIONS

7. Plaintiff is a female who was constructively discharged from her employment with Chili's on or about June 1, 2015 as a result of Defendant's refusal to take corrective action following Plaintiff's reports of unlawful sexual harassment by the main cook Lorenzo and due to unlawful retaliation by Defendant for making such reports. Plaintiff was subjected to unwelcome sexual advances from Lorenzo and was constrictively discharged from her employment by the Defendant due to gender discrimination and unlawful retaliation by the Defendant for reporting such harassment.

8. Plaintiff was qualified to perform her job duties and performed her duties as in an above satisfactory manner at all times while employed by the Defendant.

9. In or about February, March, and April 2015, Plaintiff was subjected to unwelcome sexual advances and behavior by the main cook named Lorenzo at the Defendant's Chili's restaurant located in Norman, OK. Lorenzo made unwanted physical contact with the Plaintiff at the workplace on several occasions in a way that was unwelcome and hostile. Lorenzo's method of sexually advancing on the Plaintiff consisted of massaging Plaintiff's shoulders, wrapping his arms around the Plaintiff, and thrusting his pelvis into the Plaintiff from her backside. These incidents occurred on at least three occasions from February to April 2015. Plaintiff informed her family and co-workers about each incident. Such physical, sexual advances constituted a hostile work environment for the Plaintiff.

10. Lorenzo's actions toward Plaintiff were hostile, unwelcome, and unlawful acts done to Plaintiff as a female, were motivated by Plaintiff's gender, and were evident of his disrespectful attitude and treatment of women in Defendant's workplace. Plaintiff had never at any time been trained by Defendant about sexual harassment nor was Plaintiff aware of any policy or procedures at Chili's for reporting sexual harassment. Nothing was ever told to the Plaintiff about about what to do in this kind of scenario.

11. Plaintiff complained to different employees of Defendant Lorenzo's unwelcome and sexual conduct. Lorenzo did not heed Plaintiff's requests to stop after the first incident and it continued on at least two other occasions of sexual, physical contact with the Plaintiff.

12. Despite the complaints to co-workers and eventually management about Lorenzo's conduct, the situation was not rectified and Lorenzo continued to work in the same manner as before. Defendant failed to provide a safe and healthy work environment free from unwelcome harassment for Plaintiff. Defendant permitted the atmosphere at Plaintiff's work location by failing to provide the proper training and protocols to prevent and report unlawful sexual harassment. Defendant's conduct upon learning of Lorenzo's actions demonstrates a disregard for protection of women in the workplace and the prevention of unwanted sexual harassment.

13. Defendant engaged in unlawful retaliation for reporting sexual assault from April 12, 2015 until Plaintiff was forced to resign on or about June 1, 2015 because the company would not schedule Plaintiff to work enough hours to make working there feasible. Plaintiff went from working 20-30 hours a week prior to April 12, 2015 to working about 8-10 hours per week because Lorenzo was too important.

14. All of these actions by Lorenzo were unwanted acts of sexual assault and harassment by the main cook at the restaurant. When Plaintiff reported these incidents, things changed for Plaintiff at work. The Defendant refused to discipline Lorenzo in any way, refused to alter his schedule to have him not work during Plaintiff's shifts, and significantly reduced Plaintiff's working hours and shift from 20-30 hours/week prior to Plaintiff's reports about 8-10 hours/week. The Defendant did not transfer Lorenzo or take any action to ensure a safe working environment for the Plaintiff. Both Samantha (shift manager) and Jason Graham (General Manager) started treating Plaintiff much differently following Plaintiff's reports of sexual harassment. They stopped

4

complimenting the Plaintiff and generally acted with disdain for Plaintiff and acted upset that Plaintiff had said anything about Lorenzo's actions. They always acted like Lorenzo was so important to the business and that Plaintiff's reports of sexual harassment just caused problems with the staff and that Lorenzo was too important to not have cooking. Defendant forced Plaintiff to quit by not scheduling Plaintiff or telling Plaintiff not to come into work because Lorenzo was there.

15. Defendant's constructive discharge and post-reporting conduct was a blatant violation of the Defendant's own policies and was simply retaliation for Plaintiff reporting Lorenzo's unlawful and discriminatory conduct.

16. Plaintiff was discriminated against and harassed based on her gender and subjected to a hostile work environment then retaliated against for making proper complaints of illegal conduct and participating in protected activity.

### COUNT I – Title VII Gender Discrimination, Harassment, and Hostile Work Environment

17. Plaintiff restates and incorporates by reference all paragraphs of the Complaint.

18. Plaintiff was well qualified for her position and performed her job at Chili's in an above satisfactory manner throughout her employment.

19. Plaintiff's gender was a significant factor in the incidents that occurred with Lorenzo that was the subject of Plaintiff's complaints about sexual harassment. Such treatment and constructive discharge of Plaintiff's employment constituted unlawful gender discrimination and constituted a hostile working environment for the Plaintiff.

5

Defendant knew, or should have known about the harassment and failed to take prompt and appropriate corrective action, failed to institute policies and procedures for prevention and reporting of sexual harassment, and otherwise took a callous attitude to the safety and well-being of its employees.

20. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including but not limited to lost income, past and future, emotional distress and mental anguish, injury to her reputation, humiliation, embarrassment and loss of enjoyment of life, and other compensatory damages.

21. Because the actions of the Defendant were intentional, willful, wanton, or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages under all applicable laws.

## COUNT II - Retaliation

22. Plaintiff restates and incorporates by reference all paragraphs of the Complaint.

23. Defendant engaged in unlawful retaliation as set forth herein that consummated in the constructive discharge of Plaintiff's employment on June 1, 2015.

24. Plaintiff engaged in protected Title VII activity when she reported on Lorenzo's discriminatory, unwelcome, or unlawful harassment.

25. Plaintiff suffered an adverse employment action, i.e., significant reduction in hours, mistreatment by management following her reports, and eventual constructive discharge of her employment as a result of engaging in protected Title VII activity.

26. Plaintiff's engagement in a protected Title VII activity was a significant factor in the adverse actions taken against her.

27. As a direct and proximate result of Defendant's retaliatory and discriminatory actions, Plaintiff has incurred and continues to incur damages, including but not limited to, lost income, past and future, emotional distress and mental anguish, injury to her reputation, humiliation, embarrassment and loss of enjoyment of life, and other compensatory damages.

28. Because the actions of the Defendant were intentional, willful, wanton, or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages under all applicable laws.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A. Actual and compensatory damages, and any other remedy, under Title VII in amounts to be proven at trial;

B. For interest on such damages;

C. For costs, including expert witness fees, and attorney fees pursuant to Title VII and Section 1988;

D. Punitive damages under Title VII for Defendant's intentional, reckless and/or wanton discrimination and retaliatory conduct;

E. For such other relief as this Court deems appropriate or allowed by law.

Respectfully submitted,

*s/Blake Sonne*
Blake Sonne, OBA# 20341
SONNE LAW FIRM, PLC
P.O. Box 667
Norman, Oklahoma 73070
(405) 664-2919
(405) 872-8897 (fax)
**ATTORNEY FOR PLAINTIFF**

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**